Good morning and may it please the court, Gia Kim appearing on behalf of Appellant Ruben Medina. I'd like to reserve three minutes for rebuttal and I will watch my time. This morning I plan to focus on why the District Court erred in concluding that Mr. Medina is still subject to a 20-year mandatory minimum sentence that would block any further reduction under the First Step Act. And first I'll address why the as-if language in Section 404B doesn't preclude this court from considering whether Mr. Medina is eligible under Section 401 which is the provision that reduces recidivist enhancements for prior drug offenses. And then second I'll discuss why Section 401 does in fact apply here in this First Step Act proceeding where Mr. Medina has a prospective sentence that has not been imposed. So first on the as-if question, Section 404B provides that upon finding of a covered offense, the District Court may impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act, which are the provisions that lowered the crack cocaine penalties, were in effect at the time the covered offense was committed. And in U.S. v. Kelly, this court interpreted that provision, that as-if language, and said that the District Court must place itself in a quote, counterfactual situation. And what it meant by that was that it should consider the state of the law at the time the crime was committed, that's the same language as in 404B itself, and then make only the changes required by the Fair Sentencing Act, the crack cocaine changes. And there is some language in Kelly. Well, the upshot in Kelly was that the defendant could not have applied an intervening decision of this court under which she no longer would have been a career offender under the sentencing guidelines. Now, there is some language in Kelly that says in conducting-in doing that counterfactual analysis, this court should not apply subsequently enacted statutes. However, that language in Kelly is dicta. There was no intervening statute at issue in that case. Again, that was an issue about intervening decisional law and recalculating all the guidelines. Counsel, I want to make sure I understand your arguments. Are you arguing that in order to prevail today, do we have to conclude that your client is not a career offender? No, Your Honor. Mr. Medina was not deemed to be a career offender. He did at the time of his original sentencing have an 851 enhancement for a felony drug offense. So you would not need to decide anything relating to the guidelines or the career offender. You would have to decide, and this is sort of the second question, whether he would still be subject to that 851 enhancement today, I believe. Okay. I'm still trying to figure out why any of this makes a difference in count three because of the meth. Yes, Your Honor. Well, that's the question we're getting at today. The meth has a 20-year mandatory minimum, had a 20-year mandatory minimum because of this one prior conviction, which is Mr. Medina's only conviction. That was a felony drug offense under the standards in place at the time. Section 401 made several changes, ameliorating changes to that provision, one of which would require a serious drug offense felony to have for the defendant to have served over 12 months. And Mr. Medina's prior- Why would your client get the benefit of that if it's meth-related when the First Step Act only affected crack cocaine? Well, there's nothing in the First Step Act provides by its terms that only the sentence for the covered offense can be lowered. And we believe that Section 401 applies here in this 404 proceeding by its own terms. It is a statute that has retroactive effect, you know, by its own course, which was not- Let me see if I can summarize. I understand your argument. Essentially, you're not arguing about whether with regard to Count 3, Count 3 itself would trigger a retroactively lower offense by itself. And you also have Counters of 32, which definitely would be eligible for a lower offense by itself if it was just by itself. So what you're arguing is that if- The barrier to a lower sentence seems to be the meth part of the conspiracy. And you're saying that the only reason that that was as high as it was was because of the priors. And if the priors were considered as 851 indicates they would be, then that sentence wouldn't be 20-year amendment. It would be something else, and therefore you can go less. That's your argument. So what you need to- And that's why you're concentrating on whether 851 actually applies here or doesn't. Is that basically where we are? Yes, Your Honor. And we argue that it no longer applies. And to do this, we have to look at the language of 401C. And in that, that is a provision of inclusion, not exclusion. It says this section shall apply. That means the new 851 provisions shall apply if a sentence has not been imposed as of the date of enactment. Ultimately, as I understood your argument in your brief, it was that the imposed- We should be looking at whether it's been imposed now, not whether it was imposed then. I think that's one facet of the argument.  Just that there is- The point of 401C is to exclude people with certain- to include certain people who have another opportunity at resentencing. 401 doesn't give you a freestanding right to file a motion like the First Step Act Section 404 does. However, it doesn't exclude it if you're in court for some other reason, say direct appeal or vacater on a 2255 or like Mr. Medina in a First Step Act proceeding. If you are already before the court and are having another sentence that has not been imposed as of the effective date, like Mr. Medina does independently, you can avail yourself of that lower recidivist enhancement. Now, yes, so we are saying that the sentence on the meth today would be 10 years, just as for anyone else sentenced today with the exact complex of current and prior convictions would be 10 years. In fact, the district judge didn't impose a resentence, so that's a very- Yes, Your Honor, he didn't, but I think he believed the basis for declining to do so was his belief that he could not do so. And again, there is always, as was discussed in the prior case, a discretionary component. But if the discretion was clouded or the district judge believed he didn't have discretion to go below 20 years, there should be a reason for sending it back. He did certainly have discretion to go below 20 years on count 32, which was the- Is it 32? Am I right about that? Yes. He certainly had discretion to do that. He didn't doubt that he had discretion to do that. He just sort of thought, what's the point? But he could have, right? And there were concurrent sentences. He could have said, that one is 10 years, the rest of them stay at 20 years. Yes, Your Honor, and I think the what's the point does turn again on the fact that he thought the 851 continued to apply. And therefore, though it is couched somewhat in terms of discretion, it goes back to this legal question of whether that 851 does apply and whether a sentence has not been imposed and whether that language would cover people like Mr. Medina, who just had one prior, had got probation and 300 days of jail and his mandatory minimum was therefore doubled from 10 to 20 years. And I see that I'm into my rebuttal time. Thank you. Thank you very much. Mr. Marmero. Good morning, Your Honors, and may it please the court, Greg Marmero on behalf of the United States. I'd just like to briefly respond to the last point that Ms. Kim made, and that is that the district court did not say that if it could go below 240, it would have. What it said was that it declined to exercise its discretion because to give Mr. Medina the benefit of removing the 851, it would be to create an unwarranted sentencing disparity and essentially would reward him for distributing more drugs. But I'd like to just briefly outline two paths that this court can take to affirm the district court's order. The first is the discretionary path the district court focused on. And then second is that, and what Ms. Kim focused on, is the government. We disagree that the district court could go below 240 months. 240 months is the absolute floor, fair sentencing act or not. And there are two reasons for that. One is that this court's decision in Asuncion held that changes to the recidivist enhancements under Section 401 do not apply retroactively. And then the second reason is that this court's decision in Kelly interpreted Section 404, which applies the Fair Sentencing Act, said that the district court must apply the legal landscape as it existed at the time that the defendant was sentenced, making only a single change in variable. And that is the crack powder disparity brought by the Fair Sentencing Act. But my understanding is that the general case law is, and that you don't contest, that where there are several different counts and there were sentences and there was an overall sentence, so there's essentially a sentencing package, that the judge could resentence on all counts if he was going to resentence if one of them was subject to 401C. Do you agree about that? Your Honor, as the first part, we don't dispute or we don't argue necessarily. We don't rely on count three or count 32 being a covered offense or not. The question here is not whether Mr. Medina has a covered offense because the district court assumed that question in his favor and then went on to decline in his discretion. But as to 401C... But if, for example, he had decided to decrease the sentence on count 32, he could have revisited the whole package at that point. This court could decide that? In other words, the as-if in Kelly doesn't preclude essentially a plenary resentencing of the usual kind where one piece is pulled out so that the sentence doesn't make any sense. It wouldn't necessarily be the same anymore. Your Honor, what Kelly and then what the Eleventh Circuit in Taylor and what the Fourth Circuit in Gravatt say is that the as-if language means that the district court still has to abide by statutory minimum sentences. I understand, but you're not answering my question. Your Honor, I believe that the district court could resentence on other counts if it only found one covered offense. That's what I was asking. I apologize, Your Honor, but it still remains that the 851 remains in place because of both Asuncion limiting the retroactivity of those changes and Kelly, which says that you can only change a single variable. But turning to the argument about Section 401, Your Honor, the Asuncion is a clear opinion. It says that Section 401 does not apply to defendants who were sentenced before enactment of the First Step Act. And it said in the context of the First Step Act, the sentence is imposed when the district court pronounces sentence, not when it becomes final on appeal. Here it's even further removed from that context where it's a collateral attack, not on the underlying sentence, but based in recent changes in the law. And the defense's position conflates eligibility with entitlement. If every defendant who is eligible for resentencing had not yet had a sentence imposed, it would essentially render that provision meaningless. Okay, but what if the district court says, this is why I was asking the other question, Well, I am going to change the sentence as to count 32 among the concurrent sentences because that one clearly he is eligible for a new sentence. And I'm going to reduce that one to 10 years. Right, so he is now imposing a new sentence. Then does 401C apply? It does not, Your Honor. It does not because a sentence has been imposed under the plain language of 401C. If a sentence has been imposed, then 401C does not apply retroactively. But another reason for that, Your Honor, is that the First Step Act essentially contains four separate and independent subsections. 401 we've been discussing, 404 is the application of the Fair Sentencing Act. But 402 and 403 deal with changes to the safety valve and changes to gun sentencing. And each one is independent. And in a sense, 401 and 404 are the inverse of each other. 401 makes a substantive change to what counts as and what the penalty is for a prior felony in 851. 404 doesn't make any new substantive changes. It simply makes retroactive changes that have previously been made under the Fair Sentencing Act. And that's because in Kelly, this Court explained that Section 404 of the First Step Act is designed to redress a very specific issue. And that is the previous non-retroactivity of the Fair Sentencing Act. Unless the Court has any further questions, we would ask the Court to affirm the District Court's order denying relief. Thank you, Your Honor. I do have a question. The 851 is not in terms of retroactive. Do we have a case holding that it's not retroactive? Yes, Your Honor. Asuncion directly holds that 851 itself or the changes to 851. Well, the changes to 851. The changes to 851 under Section 401 are not retroactive. Okay. Asuncion clearly holds that, Your Honor. All right. Thank you very much. Ms. Kim, give me one minute, please. Thank you, Your Honor. We would disagree. Section 401C shows that those changes to the 851 provision is, in some degree at least, retroactive. It specifically addresses the situation of offenses committed before the date of enactment. Now, the question is, which of those offenses qualifies for application of those new penalties? And the plain text of 401C is not that this section shall not apply if a sentence has been imposed. It actually—the not is in a different position. It says the section shall apply if a sentence has not been imposed. While that would cover Asuncion, that defendant was just on direct appeal. He had no prospect of receiving a different or reduced sentence. It does not cover Mr. Medina's case where he is before the court and eligible for resentencing. If there are no further questions, we would ask the court to reverse and remand for further proceeding. Well, I don't want other questions. There's a lot of discussion in the briefs about whether the language of the First Step Act permits resentencing here. The judge skipped that step. Is there any reason at all why we should address it? I guess this court need not address it. It could reverse and remand on the second part that the judge denied on. So, Your Honor is referring to the covered offense question? Right, right, right. Yes. So, I think this court need not reach that in this case, in this posture. Is it ever going to matter? When is it ever going to matter? The multi-drug? Yes, in a way. What would be a circumstance in which this was a covered offense? Well, at least as to the multi-purpose conspiracy, you'd have to have a situation in which the other offense, the other goal, other than the crack cocaine goal, had a lesser sentence? Is that when it would matter? There are instances when, and I think in this case, there is also a powder cocaine count that had a lesser sentence. It was a smaller quantity. And so, it's not necessarily the same penalties applying to each object of a multi-drug conspiracy. I guess another reason why it would necessarily matter here is because if the government acknowledges that the sentencing package doctrine applies and that one covered offense is sufficient for resentencing in general, that's a reason why this court need not reach it in Mr. Medina's case. But there could, I believe, be other instances where the penalties for the different objects differ. Differ in favorable ways as opposed to, in this case, where they differ in unfavorable ways. Yes. Okay, thank you very much. The case of United States v. Medina is submitted. The next case, Wan v. Garland, will be submitted under briefs. We'll go to Pars City v. Schneider Logistics and we'll take a short break after that case before the last one.
judges: Berzon, Bybee, Cardone